UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL A. RAMIREZ,

Petitioner,

v.

B. KIBLER,

Respondent.

No. 2:21-cv-01061 KJM KJN P

FINDINGS & RECOMMENDATIONS

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction on 12 counts related to his sexual abuse of his stepdaughter. Petitioner was sentenced to 25 years, 4 months in state prison. Petitioner raises three claims: (1) the trial court incorrectly instructed the jury that continuous sexual abuse is a general intent crime; (2) the trial court incorrectly instructed the jury that it needed unanimous agreement as to only one act of continuous sexual abuse; and (3) cumulative trial errors deprived him of due process. After careful review of the record, this court concludes that the petition should be denied.

II. Procedural History

On May 13, 2016, a jury found petitioner guilty of one count of sexual abuse of a minor (Cal. Penal Code § 288.5(a)), two counts of lewd and lascivious conduct on a child 14-15 years

old (Cal. Penal Code § 288(c)(1)), three counts of unlawful sexual intercourse with a minor under the age of 16 (Cal. Penal Code § 261.5(c)), three counts of digital penetration on a minor 14-16 years old (Cal. Penal Code § 289(h)), two counts of oral copulation on a minor 14-16 years old (Cal. Penal Code § 288a(b)(1)), and one count of attempted sodomy with a minor 16 years old (Cal. Penal Code §§ 664, 286 (b)(1)). (ECF No. 11-1 at 226-229, 233-44.) On May 13, 2015, petitioner was sentenced to 25 years, 4 months in state prison. (Id. at 269-71.)

Petitioner appealed the conviction to the California Court of Appeal, Third Appellate District. (ECF No. 11-7.) The Court of Appeal affirmed the conviction on May 4, 2020. (ECF No. 11-10.)

Petitioner filed a petition for review in the California Supreme Court, which was denied on July 15, 2020. (ECF Nos. 11-11 & 11-12.)

Petitioner filed the instant petition on June 14, 2021. (ECF No. 1.) Respondent filed an answer on September 23, 2021. (ECF No. 10.)

III. Facts[1]

After independently reviewing the record, this court finds the appellate court's summary accurate and adopts it herein. In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary:

> This matter concerns defendant's sexual abuse of E. Doe. Defendant lived with his partner and her children, including Doe. Though defendant and Doe's mom were not married, the family treated them as married and Doe considered defendant her stepdad.
>
> The abuse began when she was 12 years old, in "5th, probably going into the 6th grade."[1] It started with defendant touching Doe's breasts and thighs over her clothes, which he did again a couple of days later. Doe said it "would go like a couple of days after he would touch me and then it was -- days went by and he would touch me again." The abuse progressed to defendant touching Doe's vagina when she was in the sixth grade and defendant attempting to put his penis in Doe's vagina in sixth or seventh grade. Defendant first penetrated Doe when she was in the seventh grade. After the first time, defendant

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Ramirez, No. C082061, 2020 WL 2108174 (Cal. Ct. App. May 4, 2020), a copy of which was lodged by respondent as ECF No. 11-10.

and Doe had sex upwards of two or three times a week through her 14th birthday. They continued to regularly have sex through eighth and ninth grade.

[N.1 Doe was held back in first grade so she turned 13 years old in sixth grade (December 2010) and turned 14 years old in seventh grade (December 2011).]

Defendant continued to have sex with Doe until August 16, 2014, when Doe's mother walked in on the two having sex. Doe's mother called the police and defendant was arrested. Doe originally lied to the police and a doctor, telling them she never had sex with defendant before August 16, 2014.

Defendant denied any sexual relationship with Doe. He said he never had oral sex with Doe, never touched her vagina, and never touched her breasts. He admitted to having sex with Doe on August 16, 2014, but said Doe initiated the sex while he was asleep and he thought Doe was her mother because he had his eyes closed. Doe and her mother have similar physical builds.

Defendant was charged with 12 counts related to his sexual conduct with Doe. The only charge at issue on this appeal was for continuous sexual abuse of a child under 14 years old. (Pen. Code, § 288.5, subd. (a).)[2]

[N.2 All further section references are to the Penal Code unless otherwise specified.]

The trial court instructed the jury with CALCRIM No. 1120 describing continuous sexual abuse, requiring the prosecution to establish defendant "engaged in three or more acts of lewd or lascivious conduct with the child" before she turned 14 years old, with "lewd or lascivious" defined as "willful touching of a child accomplished with the intent to sexually arouse the perpetrator or the child." The instruction added, "You cannot convict the defendant unless all of you agree that he committed three or more acts over a period of at least three months, but you do not all need to agree on which three acts were committed."

The court provided a CALCRIM No. 252 intent instruction stating the "following crimes require general criminal intent: 1) Violation of Section 288.5(a) of the Penal Code (continuous sexual abuse of a child)." The court also gave the CALCRIM No. 3051 unanimity jury instruction, which stated:

"The defendant is charged with: [¶] Continuous sexual abuse in Count One sometime during the period of December 23, 2009 to December 21, 2011; [¶] ... [¶] "The People have presented evidence of more than one act to prove that the defendant committed these offenses. You must not find the defendant guilty unless: [¶] 1. You all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed for each offense; [¶] OR [¶] 2. You all agree that the People have proved that the defendant committed all the acts alleged to have

> occurred during this time period and have proved that the defendant committed at least the number of offenses charged."
>
> The prosecutor explained in his closing argument for continuous sexual abuse the jury must find defendant had the "intent to sexually arouse himself ... it's not just the touching, but you got to have that intent." He added, "You do not need to agree which acts were committed. You just all need to agree that three were committed."
>
> The jury found defendant guilty on all counts. Defendant timely appealed.

(ECF No. 11-10 at 2-4.)

IV. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established Federal law" consists of holdings of the Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38, 44-45 (2011)); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly

established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." Id. Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established federal law" governing that issue. See Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case."[2] Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413; see also Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 ("It is not enough that a federal habeas court, in its 'independent review of the legal question,' is left with a '"firm conviction"' that the state court was '"erroneous"'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100. Similarly, when a state court decision on petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 298-301 (2013) (citing Richter, 562 U.S. at 98). If a state court fails to adjudicate a component of the petitioner's federal claim, the component is reviewed de novo in federal court. See, e.g., Wiggins v. Smith, 539 U.S. 510, 534 (2003).

Where the state court reaches a decision on the merits but provides no reasoning to

support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court reviews the state court record to "determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 101. It remains the petitioner's burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 562 U.S. at 98).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860 (citing Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006)).

V. Petitioner's Claims

A. Intent Instructional Error

Petitioner claims that the intent instruction related to his continuous sexual abuse conviction incorrectly identified the offense as a general intent offense. (ECF No. 1.)

In response, respondent argues that a fairminded jurist could agree with the state court's finding that the incorrect jury instruction was harmless error. (ECF No. 10 at 7.)

The last reasoned state court opinion, the appellate court rejected petitioner's claim.

> Reviewing the instructions and the record as a whole, the intent

instruction is incorrect, but this error was harmless.

Section 288.5, subdivision (a), may be violated by three or more acts of either "substantial sexual conduct" or "lewd or lascivious conduct." (§ 288.5, subd. (a).) The former requires general intent and the latter requires the specific intent of "arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." (§ 288, subd. (a).) The charge here was based on "lewd or lascivious" acts. Therefore, the CALCRIM No. 252 instruction incorrectly stated the offense was a general intent offense.

Giving conflicting intent instructions for a specific intent crime is instructional error. (*People v. Dollar, supra*, 228 Cal.App.3d at p. 1342; *People v. Hood* (1969) 1 Cal.3d 444, 452.) Thus, although the CALCRIM No. 1120 instruction correctly required defendant to have had the specific intent to "sexually arouse the perpetrator or the child," this instruction did not remedy the error.

This error, however, did not prejudice defendant. "If conflicting instructions on the mental state element of an alleged offense can act to remove that element from the jury's consideration, the instructions constitute a denial of federal due process and invoke the *Chapman* 'beyond a reasonable doubt' standard for assessing prejudice." (*People v. Maurer* (1995) 32 Cal.App.4th 1121, 1128; *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].) "[S]uch an error is deemed harmless when a reviewing court, after conducting a thorough review of the record, 'concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.' " (*People v. Aranda* (2012) 55 Cal.4th 342, 367.)

There is no reasonable possibility the jury could have found defendant lacked the requisite intent. Defendant's acts towards Doe before she turned 14 years old were touching her breasts, touching her vagina, attempting to put his penis in her vagina, having intercourse, and a combination of these acts at the same time. In only very limited circumstances, not present here, would these inherently sexual acts be committed without the intent of sexual arousal. Defendant provided no explanation for any acts before Doe turned 14,[3] instead denying they occurred at all. There is no evidence from which the jury could have found defendant had any intent for these acts other than for his own sexual arousal. (See *People v. Ngo* (2014) 225 Cal.App.4th 126, 163 [concluding evidence of sexual penetration without an explanation from the defendant enough to conclude the jury must have found the defendant did so with the specific intent for sexual arousal].) The correct specific intent instruction in CALCRIM No. 1120 and the prosecutor's correct statements on specific intent make it all the more certain that the jury found defendant committed continuous sexual abuse with the necessary intent. Accordingly, the conflicting intent instructions did not prejudice defendant.

[N.3 Defendant provided an explanation for the intercourse with Doe on August 16, 2014, but this occurred after Doe turned 14 so could

          not be considered for the continuous sexual abuse charge.]

(ECF No. 11-10 at 5-6.)

      An allegedly incorrect jury instruction under state law does not entitle a petitioner to federal habeas relief. Such relief is only available if "'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle, 502 U.S. at 72 (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)); see also Gilmore v. Taylor, 508 U.S. 333, 342 (1993) ("Outside of the capital context, we have never said that the possibility of a jury misapplying state law gives rise to federal constitutional error. To the contrary, we have held that instructions that contain errors of state law may not form the basis for federal habeas relief."). The instruction cannot merely be "undesirable, erroneous, or even 'universally condemned.'" Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). It must violate a constitutional right. Id. If the instruction is ambiguous, the court must determine whether there is a reasonable likelihood that the jury applied the instruction in manner that violates the Constitution. Estelle, 502 U.S. at 72. The jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of instructions as a whole and the trial record." Id. at 72 (quoting Cupp, 414 U.S. at 147). The Supreme Court has cautioned that there are few infractions that violate fundamental fairness. Id. at 72-73; see, e.g., Waddington v. Sarausad, 555 U.S. 179, 191-92 (2009); Middleton v. McNeil, 541 U.S. 433, 437 (2004) (per curiam) ("Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation"); Jones v. United States, 527 U.S. 373, 390-92 (1999); Gilmore, 508 U.S. at 344.

      Even if the jury instruction is erroneous, habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (citation omitted); see also Brown v. Davenport, No. 20-826, 2022 WL 1177498, at *3, 9 (U.S. Apr. 21, 2022). This requires showing that there is more than a reasonable probability that the error had a substantial and injurious effect on the jury's verdict. Id.; see also Davis v. Ayala, 576 U.S. 257, 268 (2015). If the state court analyzed the alleged error under Chapman, which asks whether the reviewing court can declare a belief that the error was harmless beyond a reasonable doubt, a state court's harmless-error determination is

reviewed for reasonableness under § 2254(d). Ayala, 576 U.S. at 269 ("When a *Chapman* decision is reviewed under AEDPA, 'a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable.'") (quoting Fry v. Pliler, 551 U.S. 112, 119 (2007)). "While a federal habeas court need not 'formal[ly] apply both *Brecht* and "AEDPA/*Chapman*," AEDPA nevertheless 'sets forth a precondition to the grant of habeas relief.'" Id. at 268.

Here, the state court's finding that the error was harmless was not unreasonable. As the state court noted, the relevant jury instruction, CALCRIM No. 252, incorrectly identified that count one for continuous sexual abuse of a child as charged was a general intent crime. (ECF No. 11-1 at 197.) As stated in CALCRIM No. 1120, the prosecutor was required to prove beyond a reasonable doubt that petitioner engaged in at least three acts of lewd or lascivious conduct with "the intent to sexually arouse" himself or the minor. (Id. at 212.) After reviewing the record, this court finds that the instructional error did not have a substantial and injurious effect on the jury's verdict. See California v. Roy, 519 U.S. 2 (1996); see also Hedgpeth v. Pulido, 555 U.S. 57, 62 (2008) (per curiam). There was overwhelming evidence that petitioner's actions were motivated by his intent to sexually arouse himself or the child. (ECF No. 11-3 at 138-54, 162-77 (the victim testified that petitioner touched her breasts and vagina, forcefully pushed her legs open, and engaged in oral and sexual intercourse about two or three times a week for a few years).) Petitioner provided no other reason for his actions. (ECF No. 11-4 at 219-37, 278 (petitioner denied that he has sexual relationship with the victim besides on August 16, 2014).) In closing arguments, the prosecutor stated that count one requires "[a]ny willful touching of a child with the intent to sexually arouse himself or her. Okay? So it's not just the touching, but you got to have that intent as well. And why would you do the touching unless you were intending to do one of those two things?" (ECF No. 11-5 at 57.) Thus, it was not unreasonable for the state court to find the error harmless.

Petitioner argues that the state appellate court should have agreed with his characterization of the evidence and lists evidence to support his theory. (ECF No. 1 at 7-8.) But in doing so, petitioner ignores AEDPA's demanding standard, which "stops short of imposing a complete bar

on federal-court relitigation of claims already rejected in state proceedings." Richter, 562 U.S. at 102. Habeas relief is only available "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. Id. After reviewing the evidence, this court concludes that fairminded jurists could agree with the state court's decision, thereby precluding habeas relief. The victim testified to years of sexual abuse. (ECF No. 11-3 at 138-54, 162-77.) Although petitioner claims that there was no forensic evidence to corroborate the sexual abuse, petitioner stipulated that the biological sample from the victim's vaginal exam on August 16, 2014, contained his sperm. (ECF No. 11-4 at 23.) Petitioner also makes much of the fact that the victim initially did not tell others she was sexually assaulted, but at trial, an expert testified that this behavior is typical for sexually abused children. (Id. at 35-36.) This court concludes that the state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court authority, and recommends denying habeas relief on this claim.

B. Unanimity Instructional Error

Petitioner claims that the trial court erred when it improperly instructed the jury that it could find petitioner guilty of continuous sexual abuse based on a single act. (ECF No. 1 at 9.)

In response, respondent argues that a fairminded jurist could agree with the state court's rejection of petitioner's claim. (ECF No. 10 at 9.)

In the last reasoned state court opinion, the appellate court resolved this claim as follows:

> Reviewing the instructions and record as a whole, there was no instructional error relating to the unanimity of acts. Initially, the trial court did not even need to provide a unanimity instruction for continuous sexual abuse because it is a course of conduct crime. (*People v. Cissna* (2010) 182 Cal.App.4th 1105, 1124.) The issue is whether the trial court's unanimity instruction permitted the jurors to find violation of section 288.5, subdivision (a), on only one act.
>
> The CALCRIM No. 3501 unanimity instruction, which specifically included continuous sexual abuse, specified the jury could "not find the defendant guilty unless" they agreed defendant "committed at least *one of these acts* and you all agree on which act he committed for each offense." (Italics added.) This was not erroneous, however, because continuous sexual abuse was listed in the CALCRIM No. 3501 instruction as "[c]ontinuous sexual abuse." This means the "act" the jury had to find defendant committed was "continuous" abuse, which was properly defined in the CALCRIM No.

> 1120 instruction as three or more lewd or lascivious acts. Conversely, the other counts listed in the unanimity instruction only had one "act" listed, such as "Lewd act with a child age 14-15" and "Unlawful sexual intercourse with a minor." The instructions necessarily instructed the jury that it could not find one lewd or lascivious act sufficient for continuous sexual abuse. This was also reaffirmed in the prosecutor's closing argument. Accordingly, there is no reasonable likelihood the jury applied the instruction in an impermissible manner.

(ECF No. 11-10 at 6-7.)

To the extent that petitioner is arguing that the jury instruction was incorrect under California law, this does not warrant habeas relief. The state appellate court determined that the instruction was not erroneous under California law, and a state court's interpretation of state law is binding on a federal habeas court. Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Estelle, 502 U.S. at 68.

The state court's finding that there was no instructional error relating to the unanimity of facts was not objectively unreasonable. In count one, petitioner was charged with continuous sexual abuse, which requires the state to prove that petitioner engaged "in three or more acts of lewd or lascivious conduct with child." (ECF No. 11-1 at 212; see also Cal. Penal Code § 288.5(a).) CALCRIM No. 1120 stated that the jury "cannot convict the defendant unless all of you agree that he committed three or more acts over a period of at least three months, but you do not all need to agree on which three acts were committed." (Id.) The unanimity instruction, CALCRIM No. 3501, did not contradict this instruction because the one act it referred to was "continuous sexual abuse," which required at least three acts. (Id. at 212, 216.) It is axiomatic that a jury is presumed to follow its instructions. Weeks v. Angelone, 528 U.S. 225, 234 (2000). Petitioner has not provided any reason for this court to reject that presumption here.

This court concludes that the state court's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court authority, and recommends denying habeas relief on claim two.

C. Cumulative Error

Petitioner's third claim is that the cumulative effect of the errors alleged above constitute

a denial of due process.

The Ninth Circuit has concluded that under clearly established United States Supreme Court precedent the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal. Parle v. Runnels, 505 F.3d 922, 927 (9th. Cir. 2007) (citing Donnelly, 416 U.S. at 643, and Chambers v. Mississippi, 410 U.S. 284, 290 (1973)). "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense 'far less persuasive,' and thereby had a 'substantial and injurious effect or influence' on the jury's verdict." Parle, 505 F.3d at 928 (internal citations omitted); see also Hein v. Sullivan, 601 F.3d 897, 917-18 (9th Cir. 2010).

This court has addressed each of petitioner's claims and has concluded that no error of constitutional magnitude occurred. This court also concludes that the alleged errors, even when considered together, did not render petitioner's defense "far less persuasive," nor did they have a "substantial and injurious effect or influence on the jury's verdict." Accordingly, petitioner is not entitled to relief on his claim of cumulative error.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why, and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/TAA/rami1061.157